UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE**, an individual, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>**BRENT OESTERBLAD,** an individual; )<br>**CHARLES RODERICK II**, a/k/a Chuck )<br>Roderick**,** an individual; **SARAH SHEA**, )<br>an individual; **WEB EXPRESS, L.L.C.**, )<br>d/b/a "Online Detective", an Arizona )<br>limited liability company; and, )<br>**OLINEDETECTIVE.COM, L.L.C.**, an )<br>Arizona Limited Liability Company, )<br>)<br>Defendants )<br>_____/ | CIVIL CASE NO.:   2:13-cv-14841<br>JUDGE:<br>MAGISTRATE: |

## **COMPLAINT**

Now comes, the Plaintiff, **JOHN DOE**, by and through his attorney, Daniel P. Finley, Esq., and for his Complaint states as follows:

### **Introduction**

1. Defendants have ultimate owner, control and operate websites, including "sorarchives.com", and "onlinedective.com".

2. Defendants target innocent citizens through a scheme of extortion by which they create a fake or false "sex offender" profile and offer to remove the post in exchange for money.

3. Defendants have created fake or false sex offender profiles of Plaintiff and similarly situated MI residents by using real identification information, e.g., real photographs and real prior addresses, even though Plaintiff and other similarly situated MI residences are not registered sex offenders and no such public record exists or has ever existed.

## Jurisdiction and Venue

4. By virtue of the aforementioned facts, this suit is brought and jurisdiction lies pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §1961 et seq.

5. Jurisdiction is proper is authorized by Michigan's long-arm jurisdictional statutes and is consistent with the requirements of the Due Process Clause of the Fourteenth Amendment. CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996).

6. This Court may exercise "specific" personal jurisdiction over the claims in this case arising from or are related to the Defendants' contacts with MI because, *inter alia*:

    a. Plaintiff is a resident of Ann Arbor, MI (Washtenaw County);

    b. Although the "sex offender" posting is false and not public record, by posting Plaintiff's name, photograph, and past address, Defendants have specifically targeted Plaintiff for extortion.

    c. Defendants have transacted business within MI and/or have done or caused an act to be done in MI resulting in an action in tort. See M.C.L. §§600.705(1), and (2); .715(1), and (2); <u>Sifers v. Horen</u>, 188 N.W.2d 623, 624 n.2 (Mich. 1971) ("the slightest" act of doing business in Michigan satisfies the "transact business" requirement of § 600.715(1)).

7. Exercise of specific jurisdiction over Defendants also comports with federal due process requirements because, *inter alia*:

    a. Defendants purposefully availed themselves of the privilege of acting in MI or causing a consequence in MI by "purposefully directing" their efforts toward Plaintiff, a Michigan resident when posting his photograph, prior address and a false "sex offender" record, and then offering to remove it for a fee. See <u>Int'l Shoe v. Washington</u>, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945); <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed.2d 528 (1985); <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 295, 100 S. Ct. 559, 62 L. Ed.2d 490 (1980)); <u>Neogen Corp. v. Neo Gen Screening, Inc.</u>, 282 F.3d 883, 889 (6th Cir. 2002); and <u>Dean v. Motel 6 Operating L.P.</u>, 134 F.3d 1269, 1274 (6th Cir. 1998).

    b. Second, this cause of action is related to, connected with, or arises from the Defendants' aforementioned contact with MI.

    c. Defendants' or consequences caused by the Defendants had a substantial enough connection with the MI to make the exercise of jurisdiction over the defendant reasonable, which can be inferred by the fact that Defendant's purposefully directed their efforts toward Plaintiff, which is the subject of the claims in this lawsuit. See <u>Bird v. Parsons</u>, 289 F.3d 865, 875 (6th Cir. 2002).

2. The websites at-issue are "interactive" because the site invites communication between the owners/operators and alleged offenders communicate for the purpose of extorting money to have the fake posts removed. See the "sliding-scale" analysis established in <u>Zippo Manufacturing Co. v. Zippo Dot Com, Inc.</u>, 952 F. Supp. 1119 (W.D. Pa. 1997); and also Judge Saad's concurring opinion in <u>Clapper v. Freeman Marine Equipment, Inc,</u> unpublished opinion per curiam of the Court of Appeals, issued June 16, 2000 (Docket No. 211139), lv den 463 Mich 981 (2001).

3. On information or belief Defendants' pervasive extortion targets individuals who have been wrongfully identified as "sex offenders", including those who have never had a public record as being a "sex offender".

4. Extorting payment in exchange for agreeing to remove fake, false or misleading records of Plaintiff and similarly situated Michigan residents,

Defendants' website(s) are "interactive", and therefore not merely a passive public archive.

5. Venue is proper under 28 U.S.C. §1391(b)(2) and 18 USC 1965(a), because the extortion at-issue occurred in this district.

6. Supplemental jurisdiction lies over closely-related state law claims under 28 U.S.C. §1367.

## Parties

7. Plaintiff is a citizen of the United States, and resident of the State of Michigan, County of Washtenaw, City of Ann Arbor whose picture and prior address appeared on Defendants' websites as a "sex offender" even though no such registration or record exists and was not merely obtained from a public achieve.

8. Concurrent with this Complaint is a motion for leave to proceed anonymously under the pseudonym "John Doe" and to file under seal for the reasons and under the authority more precisely articulated in his motion.

9. To avoid prejudice to the opposing party, the motion also seeks a protective Order that will allow Defendants to know the identity of Plaintiff for purposes of being able to respond to the allegations, without being allowed to identify Plaintiff by his legal name in any pleadings or public portion of the Court file and record.

10. Defendant **BRENT OESTERBLAD**, is an individual known to reside in the State of Arizona, County of Maricopa County, town of Paradise Valley, and at all relevant times of this lawsuit owned, operated, controlled, maintained the websites: "sorarchives.com", and "onlinedective.com".

11. On information or belief Defendant **BRENT OESTERBLAD** has the ability to remove the fake posting at-issue.

12. Defendant **CHARLES RODERICK II**, a/k/a Chuck Roderick, is an individual known to reside in the State of Arizona, County of Maricopa County or Mohave County, in the census-designated place of Desert Hills, and at all relevant times of this lawsuit owned, operated, controlled, maintained the websites: "sorarchives.com", and "onlinedective.com".

13. On information or belief Defendant **CHARLES RODERICK II**, a/k/a Chuck Roderick, has the ability to remove the fake posting at-issue.

14. Defendant **SARAH SHEA**, is an individual known to reside in the State of Arizona, County of Maricopa County, town of Paradise Valley, and at all relevant times of this lawsuit owned, operated, controlled, maintained the websites: "sorarchives.com", and "onlinedective.com".

15. On information or belief Defendant **SARAH SHEA** has the ability to remove the fake posting at-issue.

16. Defendant **WEB EXPRESS, L.L.C.**, d/b/a "Online Detective", an Arizona limited liability company, is solely owned and managed by Defendant **CHARLES RODERICK II**, a/k/a Chuck Roderick, which is linked to or through which Mr. Roderick controls or operates the websites at-issue in this cause.

17. Defendant **ONLINEDETECTIVE.COM, L.L.C.**, an Arizona Limited Liability Company, is solely owned and managed by Defendant **BRENT OESTERBLAD**, which is linked to or through which Mr. Oesterblad controls or operates the websites at-issue in this cause.

18. Defendants Roderick and Oesterblad have an ongoing partnership or business relationship, including that they own and operate the websites at-issue in this cause.

19. Defendant Sara Shea is Defendant Oesterblad's wife and a business partner with Defendants Roderick and Oesterblad in their ownership and operation of the websites at-issue in this cause.

## Factual allegations

20. At no time did Plaintiff give Defendants permission to use his photograph, likeness or prior address to create the fake "sex offender" posting that appears on Defendants' website.

21. Defendants attempted to extort money from Plaintiff by offering to remove the fake posting if Plaintiff paid a fee; otherwise, Defendants would not remove it.

22. Defendants have a pattern or scheme of extorting money to remove fake posting, but fail to remove the posting even after receiving the money.

23. Because the posting is false, defamatory, and not from a public record it is therefore not protected "speech" by the First Amendment to the U.S. Constitution.

24. On information or belief, Defendants targeted Plaintiff and similarly situated MI residents employing the same extortion plan or scheme.

25. Plaintiff is a successful professional who runs the risk of damage to his career and reputation if the posting is discovered by those in Plaintiffs' business community.

26. The posting is highly offensive and of a very sensitive and personal nature and has a tendency to cause irreparable financial harm and damage.

27. The posting has caused non-economic damages, including emotional distress.

28. Defendants' conspiracy to obtain money from Plaintiff in exchange for removal of his information from the websites at-issue constitutes extortion.

29. Defendants' acts of extortion as described above constitute a pattern of racketeering activity in violation of 18 U.S.C. Section 1961 et seq., Racketeer Influenced and Corrupt Organizations (RICO).

30. Defendants' failure to obtain prior consent from Plaintiff before publishing his name, photograph, date of birth and prior address on the websites at-issue violates Plaintiff's right to publicity.

31. Defendants have intentionally inflicted emotional distress upon Plaintiff.

32. Unless Defendants are enjoined from further use and publication of the Plaintiff's photograph, name, date of birth and prior address in association with a "sex offender" posting, Plaintiff will suffer irreparable injury.

## Count 1 – Racketeer Influenced and Corrupt Organizations ("RICO")

33. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

34. By virtue of the foregoing facts, Defendants have violated RICO. 18 USC 1961 et seq.

## Count 2 – Right of publicity

35. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

36. This Court has supplemental jurisdiction over this Count, as set forth in 28 U.S.C. §1367, to hear state law claims closely related to Plaintiff's federal

claim and the evidence on both claims are the same.

37. The unauthorized publication of a Plaintiff's photograph with his name and other personal identifying information invades Plaintiff's right of privacy.

38. Defendants intentionally appropriated Plaintiff's identity for commercial exploitation, including the offer of the photo/information "removal" services.

39. Plaintiff has been and will continued be damaged by Defendants' wrongful appropriation of Plaintiff's likeness and information.

## Count 3 – Intrusion upon seclusion

40. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

41. This Court has supplemental jurisdiction over this Count, as set forth in 28 U.S.C. §1367, to hear state law claims closely related to Plaintiff's federal claim and the evidence on both claims are the same.

42. Plaintiff's personal information and likeness is private to him.

43. Plaintiff has the right to keep his personal information and likeness private.

44. Defendants obtained Plaintiff's personal information and likeness and mis-associated it with a false sex offender posting.

45. Defendants' actions in intruding on Plaintiff's right to privacy were highly offensive to Plaintiff and would be highly offensive to a reasonable person.

46. Defendants' invasion of Plaintiff's privacy caused Plaintiff to suffer extreme emotional distress and humiliation.

## Count 4 – False light

47. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

48. This Court has supplemental jurisdiction over this Count, as set forth in 28 U.S.C. §1367, to hear state law claims closely related to Plaintiff's federal claim and the evidence on both claims are the same.

49. By virtue of the foregoing facts a communication was broadcast to the public in general or publicized to a large number of people.

50. The communication placed Plaintiff in a light which would be highly offensive to a reasonable person.

51. The Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff was placed.

52. As a result of Defendants' placing Plaintiff in a false light Plaintiff has suffered damages.

## **Count 5 - Libel**

53. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

54. This Court has supplemental jurisdiction over this Count, as set forth in 28 U.S.C. §1367, to hear state law claims closely related to Plaintiff's federal claim and the evidence on both claims are the same.

55. The accusation that Plaintiff is a registered sex offender is false.

56. Defendant published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

57. The publication was not privileged and not protected by the 1st Amendment.

58. The publication of the false sex offender posting has resulted in damage to Plaintiff's reputation in the community, emotional distress, humiliation, mortification, and embarrassment, sleeplessness and anxiety, and other damages that may arise during the course of discovery and the course of this trial.

59. Defendants' accusations or postings were defamation per se.

## Count 6 – Negligent Infliction of Emotional Distress

60. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

61. This Court has supplemental jurisdiction over this Count, as set forth in 28 U.S.C. §1367, to hear state law claims closely related to Plaintiff's federal claim and the evidence on both claims are the same.

62. Defendant's conduct as outlined above was intentional.

63. Defendant's conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

64. Defendant's conduct as outlined above was for an ulterior motive or purpose, i.e., to extort money in exchange for removing the false sex offender posting of Plaintiff.

65. Defendants' conduct resulted in severe and serious emotional distress to Plaintiff.

66. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in the manner outlined above.

67. Defendants' publication of Plaintiff's names and photograph as well as his false identification as a sex offender on Defendants' websites is outrageous conduct because it knowingly placed Plaintiff at risk of grave physical harm, even death, unemployment, or homelessness.

68. Defendants' acts were performed with reckless disregard as to risks associated with the publication of Plaintiff's name and photograph.

69. Plaintiff has suffered severe emotional distress, including public humiliation and depression, due to risk of grave physical harm, lost employment opportunities, and inability to obtain adequate housing.

70. As a direct and proximate result of Defendants' outrageous acts, Plaintiff has suffered emotional distress resulting in the need for professional medical services, including, but not limited to, psychological counseling and medical assistance.

## Pray for Relief

**WHEREFORE,** Plaintiff requests relief from this court against Defendant as follows:

A. an injunction to removal the subject internet postings, both during the pendency of these proceedings and permanently thereafter;

B. an injunction requiring Defendants to divest themselves of any interest, direct or indirect, in any website;

C. an order of this court awarding Plaintiff all actual costs, including any profits derived from or attributable to the unauthorized use of Plaintiff's name and photograph;

A. an award of Plaintiff's consequential costs;

B. an award of punitive damages for the willful violation of Plaintiff's right of publication;

C. an award of treble damages;

D. an award of attorney fees, costs of litigation, and interest; and,

E. an order of this court granting Plaintiff further relief that it deems just and equitable.

Date: November 24, 2013         Signature: /s/_____Daniel P. Finley_____
                                        Daniel P. Finley (P65454)
                                        The Finley Law Firm, P.L.L.C.
                                        107 ½ North Main Street
                                        Chelsea, MI 48118
                                        Ph. (734) 475-4659
                                        Fx. (734) 475-4672
                                        dpfinleyesq@comcast.net