UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE**, an individual, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>**BRENT OESTERBLAD,** an individual; )<br>**CHARLES RODERICK II**, a/k/a Chuck )<br>Roderick**,** an individual; **SARAH SHEA**, )<br>an individual; **WEB EXPRESS, L.L.C.**, )<br>d/b/a "Online Detective", an Arizona )<br>limited liability company; and, )<br>**OLINEDETECTIVE.COM, L.L.C.**, an )<br>Arizona Limited Liability Company, )<br>)<br>Defendants ) <br>_____/ | CIVIL CASE NO.: 2:13-cv-14841<br>JUDGE: Mark A. Goldsmith<br>MAGISTRATE: Mona K. Majzoub |

## **PLAINTIFF'S EX PARTE OR PRE-SERVICE MOTION FOR A PROTECTIVE ORDER TO PROCEED ANONYMOUSLY**

Plaintiff, through counsel, moves for an Order allowing Plaintiff to proceed anonymously. Plaintiff states the following in support of his motion:

1. This cause is brought under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §1961 et seq. regarding the Defendants' scheme to extort money from Plaintiff to remove a fake sex offender post from their Internet site.

2. Plaintiff is a professional and this type of misleading and false information is reasonably calculated to adversely impact his career if discovered.

3.  Therefore plaintiff filed his complaint under pseudonym and contemporaneously files this motion to proceed anonymously to establish and maintain jurisdiction of the court.

4.  Based on the law and argument in the attached brief, plaintiff requests that this Court enter a protective order allowing him to proceed anonymously.

WHEREFORE, Plaintiff requests that the motion be GRANTED and that he be allowed to proceed with this cause anonymously.

Date: November 24, 2013       Signature: /s/_____Daniel P. Finley_____
                                          Daniel P. Finley (P65454)
                                          The Finley Law Firm, P.L.L.C.
                                          107 ½ North Main Street
                                          Chelsea, MI 48118
                                          Ph. (734) 475-4659
                                          Fx. (734) 475-4672
                                          dpfinleyesq@comcast.net

**BRIEF**

Federal rule of civil procedure 10(a) mandates that all names of the parties be included in a complaint.  However there are a number of cases, in which because the plaintiff could have faced harassment, prejudice, a loss of privacy, or some other palpable injury, federal judges upon a showing of exceptional circumstances were willing to make an exception to this rule and permit him or her to proceed anonymously or under an assumed name.

Exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or in those cases in which the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. State of Rodrigues v. Drummond Co., D.C. Ala 2003, 256 F.Supp 2d 1250.  The Court has

discretion in deciding whether to allow the Plaintiff to proceed under his pseudonym. For example, a court allowed an AIDS patient who wanted to maintain his privacy to proceed under his initials. <u>W. G. A. v. Priority Pharmacy, Inc.</u>, C.B. Mo. 1999, 184 F.R.D. 616.

Some courts have used a balancing test, between plaintiff's interest in anonymity weighted against both the public's interest in disclosure and any prejudice to the defendant. <u>Sealed Plaintiff v. Seal Defendant</u>, 537 F.3d 185, 189 (2d Cir. 2008). "Such a balancing requires the consideration of several factors, including inter-alia: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification threatens a party with retaliatory mental or physical harm; (3) whether identification would present other harms and likely severity of those harms, including 'whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the harms associated with disclosure; (5) whether the suit challenges the actions of government or private parties; (6) whether the defendant would be prejudiced by allowing the use of the pseudonym; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring disclosure of the parties identity; (9) whether there are alternative mechanisms for protecting the plaintiff's identity. <u>Doe v. Town of Madison</u>, 2010 WL 1330411, 2 (D. Conn. 2010).

The plaintiff must show the need for anonymity to prevent injury or harm. Smith v. Patel, 2009 WL 910738 (E.D. Mo. 2009).  For example, in a case involving Internet defamation and harassment. Doe I v. Individuals, 561 F. Supp. 2d 249 (D. Conn. 2008).

Here, the Plaintiff is a professional whose name and likeness (photograph) have been misappropriated and misused by Defendants as part of their national scheme to extort money from similarly situated individuals. The lawsuit is regarding a false internet posting alleges that plaintiff is a "sex offender".  Therefore, it is "highly sensitive and of a personal nature" Doe v. Town of Madison, *infra*, plaintiff is particularly vulnerable to the harms associated with disclosure.  Further, "plaintiff is particularly vulnerable to the harms associated with disclosure", Id., because the suit is predicated on a false public record and any further public record where his name is associated with this matter could lead to irreparable harm if discovered by those in his career circle.

Finally, the public's interest in disclosure and any prejudice to the defendant would be negligible in this case because plaintiff is willing to share his real identity with defendants for purposes of resolving this matter; however, his name should not be made part of the public record for the sake of protecting his good name.

Date: November 24, 2013     Signature: /s/_____Daniel P. Finley_____
                                      Daniel P. Finley (P65454)
                                      The Finley Law Firm, P.L.L.C.
                                      107 ½ North Main Street
                                      Chelsea, MI 48118
                                      Ph. (734) 475-4659
                                      Fx. (734) 475-4672
                                      dpfinleyesq@comcast.net