IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE**, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | ) Case no.     2:13-cv-14841 |
| | ) Honorable:  Mark A. Goldsmith |
| **BRENT OESTERBLAD**, an individual; | ) |
| **CHARLES RODERICK II**, a/k/a Chuck | ) |
| Roderick, an individual; **SARAH** | ) |
| **SHEA**, an individual; **WEB EXPRESS**, | ) |
| **L.L.C.**, d/b/a "Online Detective", | ) |
| an Arizona limited liability | ) |
| company; and, **OLINEDETECTIVE.COM**, | ) |
| **L.L.C.**, an Arizona Limited | ) |
| Liability Company, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR:**

**ENTRY OF DEFAULT AGAINST DEFENDANT WEBEXPRESS, LLC**

**AND**

**DEFAULT JUDGMENT AGAINST DEFENDANTS**

NOW COMES, the Plaintiff, through his attorney Daniel P. Finley Esq., who moves for the Court to enter a default Judgment against Webexpress, LLC and enter a default judgment against Defendants. In support of his motion Plaintiff states:

1. The individual Defendants were sued under the RICO statute because they extort money from individuals such as Plaintiff around the United States through their websites.

2. The basic extortion scheme is that they misappropriate a person's personal information, e.g., photos, date of birth, address, etc., and then create a false "sex offender" profile.

3. Next, they Defendants contact the victim, informing him that for a fee they will remove the sex offender posting from their site.

4. The individual Defendants reside in the state of Arizona.

5. The aforementioned conduct violates sections of the Arizona criminal code prohibiting extortion.

6. Through factual investigation, counsel has reviewed documentation from similar lawsuits, been in contact with local Arizona investigative new media, been in contact with other attorneys who have sued these individuals regarding similar litigation, and Defendant OESTERBLAD.

7. The results of this collaborative investigation has reveal the following important facts to this lawsuit:
    a. Charles Roderick controls the sex offender postings at-issue in this lawsuit, an adjudged fact through the Arizona trial Court in a similar proceeding.

b. Defendants OESTERBLAD and SARAH SHEA are husband and wife, have agreed not to engage in the conduct complained of in this cause and therefore have been dismissed through settlement.

c. The individual defendants owned and operated the web-sites at-issue, namely:

- **http://www.sexoffenderrecord.com/directory/MI/S/Jeremiah_John_Stewart_1308008**

- **http://www.sexcrimedata.com/**

- **http://ev.onlinedetective.com/**

- **http://onlinedetective.com/**

- **http://offendex.com/**

d. Defendant Roderick II has a history of manipulating online data to continue his extortion operation.

e. The corporate defendants are solely owned and operated by the individual Defendants.

f. The money generated from these sites goes straight to a bank account solely owned and operated by Defendant Roderick.

8. Plaintiff moves for injunctive relief:

    a. *COMPELLING* Defendant Roderick to remove all sex offender postings regarding Plaintiff that Roderick had a hand in posting; and,

    b. *ENJOINING* or prohibiting Roderick from causing any further sex offender postings regarding Plaintiff.

9. Plaintiff further requests a money judgment for Plaintiff and against Defendants Roderick, OLINEDETECTIVE.COM, L.L.C., and WEB EXPRESS, L.L.C. for restitution of costs and attorney fees as follows:

| | |
|---|---|
| Cost (filing fee): | $400.00 |
| Cost (service of process): | $195.19 |
| Reasonable attorney fees: | $4,675.00 |
| TOTAL: | $5,270.19 |

10. Also, the Defendant Webexpress, LLC was properly served, which was evidenced by the proof of service, and the Clerk should have entered a default.

11. However, the Clerk *DENIED* entry based on the Sherriff's inability to serve the Defendant, even though counsel filed an Affidavit confirming completion of service under the local Arizona service of process rule. – the

Clerk did not take into account the entire Proof of Service document.

12. The Proof of Service document demonstrates that the address of record with the Arizona State Corporation Commission was invalid, *to wit:* Counsel sent registered mail to the address of record, which was returned to sender as an undeliverable address and the Sheriff's attempt at personal service on the resident agent at that address confirmed that the address was no good.

13. Arizona service of process statute clearly provides that when a corporate fails to maintain a good address for service that a party may serve the state and that service is valid.

14. Counsel properly served the Defendant under 16 A.R.S. Rules 4.1(j), which provides:

- **"(j) Service of Summons Upon a Domestic Corporation If Authorized Officer or Agent Not Found Within the State.** *When a domestic corporation does not have an officer or agent in this state upon whom legal service of process can be made, service upon such domestic corporation shall be effected by depositing two copies of the summons and of the pleading being served in the office of the Corporation Commission, which shall be deemed personal service on such corporation. The return of the sheriff of the county in which the action or proceeding is brought that after diligent search or inquiry the sheriff has been unable to find any officer or agent of such*

*corporation upon whom process may be served, shall be prima facie evidence that the corporation does not have such an officer or agent in this state. The Corporation Commission shall file one of the copies in its office and immediately mail the other copy, postage prepaid, to the office of the corporation, or to the president, secretary or any director or officer of such corporation as appears or is ascertained by the Corporation Commission from the articles of incorporation or other papers on file in its office, or otherwise".*

15. The Michigan Court Rules contain a parallel provision for valid service on a corporation that fails to maintain a proper registered address or agent for service:

- "MCR 2.105(D)(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law".

16. Fed. R. Civ. P. 4(h) provides:

*"(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:*

*(1) in a judicial district of the United States:*

*(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or*

*(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or*

> *(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)".*

17. Fed. R. Civ. P. 4(e)(1) provides:

   > *"(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:*
   >> *(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or*
   >> *(2) doing any of the following:*
   >>> *(A) delivering a copy of the summons and of the complaint to the individual personally;*
   >>> *(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or*
   >>> *(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process".*

18. Clearly, the federal rule provides that service is valid if accomplished per the local State Rules.

19. Again, Michigan and Arizona are virtually identical as to service on a corporation that fails to maintain a proper agent for service, i.e., you serve it on the State department in charge of corporations.

20. Although this Court sits in Michigan, common sense would dictate that the summons be served on the State of Arizona Corporations Commission, not the State of Michigan, because the Defendant is an Arizona corporation.

21. Part of the Proof of Service is an Affidavit from Finley confirming that he served process of the Summons and Complaint for WebExpress, LLC, on the Arizona Corporations Commission, which was proper under the federal rules.

22. Based on the foregoing, service of process was completed and valid under Fed. R. Civ. P. 4(h); therefore, the Clerk should not have denied entry.

23. Based on the foregoing, Counsel requests that this Court direct the Clerk to enter the default against Defendant WebExpress, LLC.

WHEREFORE, Plaintiff requests that the motion be GRANTED. A proposed Judgment is attached.

Date: 05/10/2014        Signature: /s/     Daniel P. Finley
                                   Daniel P. Finley (P65454)
                                   The Finley Law Firm, P.L.L.C.
                                   107 ½ North Main Street
                                   Chelsea, MI 48118
                                   Ph. (734) 475-4659
                                   Fx. (734) 475-4672
                                   dpfinleyesq@comcast.net

**BRIEF**

Defendants are in Default.  Defendants Osterblad and Shea have entered a settlement agreement to essentially abide by terms identical to the terms of the proposed Order in exchange for dismissing them from the action.  Regarding Defendants Roderick, Onlinedetective.com, LLC and WebExpress, LLC, request is made for entry of a default Judgment.  Request for this relief is made under Fed. R. Civ. P. 4(h), 55, 65, and the Court's inherit authority to control its docket. The suit was filed to recover civil remedies under the RICO statute, specifically, 18 U.S.C.§1964, which provides, inter alia, for the recovery of "reasonable attorney fees" under sub-section.

Under the "Lodestar" method of calculating reasonable attorney fees the Court decides a reasonable fee and number of hours for the matter based on the Johnson factors.  The Sixth Circuit employs the 12-factor Johnson test cited by the U.S. Supreme Court in Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983). See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (Fifth Cir. 1974), cited in Van Horn v. Nationwide Property and Casualty, U.S. Sixth Cir., case no. 10-3643. The Johnson factors include: (1)the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service property; (4) the preclusion of

employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Johnson, *supra,* at 488 F.2d at 717-19 (Accord:  Hensley, *supra,* 461 U.S. at 430 n.3.

   Here, attorney Finley has been in practice for 11 years, has a number of successful jury trials and a number of successful bench trials, has litigated in the federal court in the past, frequently litigates in the State Courts, Finley is charging the Defendant an hourly rate of $250.00 for this matter.  Finley's hourly rate varies on his cases between $75.00 per hour for modest means clients to $250.00 per hour for more novel matters.  Finley has expended 18.7 hours actual time on this matter, including pleading preparation and submissions, Court appearance, client meetings, phone calls, e-mails, factual investigation involving phone calls, e-mails, document review, which involved significant factual investigation due to the technical nature of the claim, Based on the foregoing, request is made for a monetary award from Defendants to Plaintiff

Roderick, Onlinedetective.com, LLC and WebExpress, LLC to Plaintiff as follows:

|  |  |
| --- | --- |
| Cost (filing fee): | $400.00 |
| Cost (service of process): | $195.19 |
| Reasonable attorney fees: | $4,550.00 |
| TOTAL: | $5,270.19 |

WHEREFORE, Plaintiff requests that the motion be GRANTED. A proposed Judgment is attached.

Date: 05/10/2014      Signature: /s/     Daniel P. Finley
                              Daniel P. Finley (P65454)
                              The Finley Law Firm, P.L.L.C.
                              107 ½ North Main Street
                              Chelsea, MI 48118
                              Ph. (734) 475-4659
                              Fx. (734) 475-4672
                              dpfinleyesq@comcast.net

**CERTIFICATE OF SERVICE**

I certify that on   May 10, 2014  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____ and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:     Charles Roderick, Brent Oesterblad, Sarah Shea, WebExpress, LLC, and Onlinedetective.com, LLC